# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **vs.** ) | |
| ) | **Case No. CR 08-70-E** |
| **CIRILO RODRIGUEZ-MARTIN,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM OPINION AND ORDER

This matter comes before the court on: (1) the "Government's Motion in Limine";[1] (2) defendant's "Objection to the Government's Motion in Limine," which this court construes as a motion to dismiss the indictment;[2] and (3) "Defendant's Motion in Limine."[3] For the reasons stated below, the government's motion in limine is due to be granted, defendant's objection to the government's motion in limine — which is construed as a motion to dismiss the indictment — is due to be denied, and

---

[1] *See* doc. no. 22.

[2] *See* doc. no. 27. Defendant's objection to the government's motion in limine, in which defendant requests a dismissal of the indictment pursuant to 8 U.S.C. § 1326, was filed by an attorney who no longer represents defendant. The arguments made in that filing are largely duplicative of, but not identical to, certain arguments presented to the court in a subsequently filed motion to dismiss (doc. no. 41), which was submitted by the attorney who presently represents defendant. Magistrate Judge Armstrong recently submitted a Report and Recommendation on defendant's motion to dismiss, wherein it is recommended that this court deny the motion. In spite of the similarities between defendant's objection to the government's motion in limine, which this court construes as a motion to dismiss, and the later filed motion to dismiss, this court will, nonetheless, render a decision on the merits of the formerly filed objection. Nothing contained herein, however, addresses Judge Armstrong's Report and Recommendation, for which the time limit for the parties to raise objections has not yet expired.

[3] *See* doc. no. 28.

defendant's motion in limine is due to be granted.

**I.   DEFENDANT'S OBJECTION TO THE GOVERNMENT'S MOTION IN LIMINE, WHICH THIS COURT CONSTRUES AS A MOTION TO DISMISS THE INDICTMENT[4]**

Defendant is charged in a single count indictment, the pertinent part of which reads as follows:

> On or about the 21st day of January, 2008, in Cleburne County, within the Northern District of Alabama, the defendant CIRILO RODRIGUEZ-MARTIN, an alien who had previously been deported, knowingly and unlawfully entered and was found in the United States in Cleburne County, Alabama, the said defendant having not obtained the consent of the Attorney General of the United States or his successor, the Secretary of Homeland Security of the United States, for re-application by the defendant for admission into the United States after his December 21, 2001, deportation from the United States at El Paso, Texas, in violation of Title 8, United States Code, Section[s] 1326(a) and (b)(2).[5]

"For purposes of [8 U.S.C. §] 1326, the existence of a deportation order is an adjudicative fact to be proven by the government." *United States v. Zelaya*, 293 F.3d 1294, 1297 (11th Cir. 2002) (citing *United States v. Henry*, 111 F.3d 111, 113 (11th Cir. 1997)).

"However, a defendant charged with violating that Section may collaterally challenge the validity of such an order in the criminal proceeding, *see* 8 U.S.C. § 1326(d), which is an issue of law to be reviewed *de novo* on appeal." *Id. See also*,

---

[4]Due to the dispositive nature of defendant's objection to the government's motion in limine, the court will consider its merits first.

[5]Doc. no. 1 (Indictment) at 1-2.

*United States v. Mendoza-Lopez*, 481 U.S. 826, 839 (1987) (holding that, when a criminal defendant is charged with a violation of 8 U.S.C. § 1326, "a collateral challenge to the use of a deportation proceeding as an element of a criminal offense must be permitted where the deportation proceeding effectively eliminates the right of the alien to obtain judicial review").

> To succeed, a collateral attack on a deportation order in such a criminal proceeding must show that: (i) the alien exhausted any administrative remedies that may have been available to seek relief against the order; (ii) the deportation proceeding at which the order was issued improperly deprived the alien of an opportunity for judicial review; *and* (iii) the entry of the order was fundamentally unfair.

*Zelaya*, 293 F.3d at 1297 (citing 8 U.S.C. § 1326(d)) (emphasis supplied).[6]  If an underlying deportation order is found to be incongruous with the provisions of 8 U.S.C. § 1326(d), or to have been imposed in violation of a defendant's due process rights, a charge under 8 U.S.C. § 1326 brought against that defendant must be

---

[6] 8 U.S.C. § 1326(d) provides the following:

Limitation on collateral attack on underlying deportation order

In a criminal proceeding under this section, an alien may not challenge the validity of the deportation order described in subsection (a)(1) of this section or subsection (b) of this section unless the alien demonstrates that--

(1) the alien exhausted any administrative remedies that may have been available to seek relief against the order;

(2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and

(3) the entry of the order was fundamentally unfair.

dismissed.  *See Mendoza-Lopez*, 481 U.S. at 843.

Defendant, ostensibly operating under this rubric, challenges his underlying deportation order by offering the following factual allegations:

> (a) That on December 18, 1998, The United States Department of Justice, Executive Office for Immigration Review entered an order closing the deportation order.
>
> (b) In this order, it advised that either party could object to the closure of said case, and by written response and **service** upon the other party, the proceeding could be reinstated.
>
> (c) That on September 19, 1999, the Immigration and Naturalization Service requested that the proceedings be reinstated.
>
> (d) That pursuant to the initial order on December 18, 1998, the Immigration and Naturalization Service was required to serve their request to reopen the proceedings upon the Defendant.
>
> (e) The Defendant avers that the Immigration and Naturalization Service failed to serve such paperwork as required, therefore showing that the deportation order is unfair and invalid.
>
> (f) The Defendant notes that this is the first opportunity for judicial review since the Defendant learned that the proceedings had been reinstated.[7]

Defendant argues that: (a) his due process rights have been violated because he was not provided notice of the reinstatement of deportation proceedings against him in 1999;[8] (b) he was not afforded or an opportunity to appeal the deportation

---

[7]Doc. no. 27 (Defendant's Objection to the Government's Motion in Limine) at ¶ 7 (emphasis in original).

[8]*Id.* at ¶¶ 5, 6.

4

order;[9] and (c) the entry of the underlying deportation order was fundamentally unfair.[10]

As a threshold matter, defendant does not offer any argument or factual allegation that he "exhausted any administrative remedies that may have been available to seek relief against the order" in accordance with the first element of 8 U.S.C. § 1326(d). *Zelaya*, 293 F.3d at 1297. Because a defendant must satisfy *all* elements of 8 U.S.C. § 1326(d) in order to mount a successful collateral challenge to an underlying deportation order, and defendant has neither spoken to nor established this first element of § 1326(d), defendant's request for dismissal is properly denied.

Furthermore, assuming, for the sake of argument, that defendant's factual allegations, as they are explained above, are all true, defendant has nonetheless failed to show that the third element of 8 U.S.C. § 1326(d) is met — *i.e.*, that the entry of the underlying deportation order was fundamentally unfair. "'[F]undamental unfairness requires a showing that specific errors prejudiced the defendant.' An alien characterizing a deportation as fundamentally unfair must, at a minimum, demonstrate that the outcome of the deportation proceeding would have been different but for a particular error." *Zelaya*, 293 F.3d at 1298 (quoting and citing *United States v. Holland*, 876 F.2d 1533, 1536-37 (11th Cir. 1989)) (internal citations omitted). Here,

---

[9]*Id.*
[10]*Id.* at ¶ 7.

similar to the appellant in *Zelaya*, defendant "has not made even a suggestion that his knowledge of, or his presence at, the deportation hearing would have altered the result." *Id.* As such, defendant has not satisfied the necessary fundamental unfairness element of 8 U.S.C. § 1326(d).

Moreover, defendant's request for dismissal is due to be denied on the alternative basis that he did not provide any evidence, in conjunction with his objection to the government's motion in limine, to support his conclusory allegations of fact. In order to prevail on a motion to dismiss brought pursuant to 8 U.S.C. § 1326(d), a defendant's assertions of fact must be supported by an evidentiary basis. *See Zelaya*, 293 F.3d at 1297 (affirming a district court's denial of a defendant's 8 U.S.C. § 1326(d) motion to dismiss, in part because "there is no factual basis in the record establishing a lack of actual notice. The motion papers submitted by his counsel assert lack of notice as a fact, but they are not accompanied by an affidavit or other proffer of available evidence that might be offered at, and would trigger a need for, a factual hearing.").

Insofar as defendant argues his due process rights were violated because he did not *receive* notice of the September 19, 1999 reinstatement of his deportation proceedings, the argument is without merit. Importantly, defendant bases his contention on an incorrect legal premise. The relevant inquiry is not whether a

defendant actually received notice. To the contrary, a court should determine whether notice was *sent* to a defendant's last known address. *See*, *e.g.*, *Zelaya*, 293 F.3d at 1298 ("We have held that a mailing to the last known address is sufficient to satisfy the INS's duty to provide an alien with notice of a deportation proceeding.").

There was no evidence submitted with defendant's objection to the government's motion in limine regarding the issue of whether notice was *sent* to defendant. The fact that defendant did not receive notice is insufficient, standing alone, to give rise to the assumption that notice was not sent. *Id.* ("[T]here is, as a matter of law, no flaw in the notice given, even if appellant did not receive it."). Without an evidentiary basis supporting defendant's argument on this point, the court rejects defendant's contention that due process has been offended in this case.

Accordingly, for the foregoing reasons, defendant's request to dismiss the indictment, which is construed as a motion to dismiss, is DENIED.

## II. THE GOVERNMENT'S MOTION IN LIMINE

The government requests that this court "exclude any testimony or evidence offered by the defendant with the intent to prove that the order of deportation was invalid, that the defendant believed that he was legally in the United States, and that the defendant will be deported."

**A.     Defendant shall not mount a collateral attack on the underlying deportation order in the presence of the jury.**

In light of the finding herein that defendant has not met the statutory prerequisites to challenge the underlying the deportation order, the government's motion in limine is GRANTED to the extent that defendant is not permitted to collaterally attack the underlying deportation order at trial before the jury, nor will the defendant be permitted to offer evidence at trial to support such a collateral attack. A defense raised pursuant to 8 U.S.C. § 1326(d) is a question of law for the court, *see Zelaya*, 293 F.3d at 1297, and the parties are ORDERED to refrain from any mention of that defense in the presence of the jury.

**B.    Defendant shall not disclose his impending deportation in the presence of the jury.**

The government argues that defendant should be precluded from disclosing to the jury the fact that he faces deportation regardless of whether he is convicted. Defendant has not responded to the government's arguments on this issue. The government contends that any mention of deportation will encourage jury nullification. Along a different vein, the court finds that arguments or evidence regarding defendant's impending deportation is not relevant to the charges levied against defendant under 8 U.S.C. § 1326, or to the defense of those charges. *See* Fed. R. Evid. 401 ("'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."); Fed. R. Evid. 402

("Evidence which is not relevant is not admissible."). Therefore, the government's motion in limine to preclude all argument or evidence regarding defendant's forthcoming deportation is GRANTED.

### III.  DEFENDANT'S MOTION IN LIMINE

The government intends to offer into evidence at trial a letter discovered by the arresting officer, prior to defendant's arrest, during a search of defendant's vehicle.[11] Allegedly, this letter was sent to defendant, at defendant's address, by his attorney.[12] The government contends that "[t]his letter relates to the defendant's attempt to fight the order of deportation entered against the defendant, and the defendant's failure to respond to the INS's request for reinstatement."[13]  The government seeks to "offer this letter for the limited purpose of explaining why the investigation focused on the alien status of the defendant at the moment the letter was discovered."[14]

Defendant argues that the letter is subject to the attorney-client privilege, and is, therefore, inadmissible.[15]  In the alternative, defendant argues that the letter is inadmissible because it has not been properly authenticated pursuant to Federal Rule of Evidence 901(a), or that the letter's contents are inadmissible hearsay for which

---

[11]*See* doc. no. 22 (Government's Motion in Limine) at 3.
[12]*Id.*
[13]*Id.*
[14]*Id.* at 3-4.
[15]*See* doc. no. 28 (Defendant's Motion in Limine) at 2.

an exception does not apply. Also, defendant contends that "any portion of the traffic stop that occurred on January 21, 2008, in which the investigating officers relied wholly or in part on the information contained in the privileged document, should be held as invalid, improper, and wholly inadmissible."[16]

A letter from an attorney to his or her client is generally privileged and inadmissible. *See, e.g., LeCroy v. Secretary, Florida Department of Corrections*, 421 F.3d 1237, 1265 (11th Cir. 2005) (noting the "clear inadmissibility" of a letter from a client to his attorney). That said, defendant's motion in limine is fatally lacking in substance. Defendant speaks generally as to various concepts of inadmissibility, citing the Federal Rules of Evidence; however, defendant offers scant specificity or citation to additional legal authority in support of his arguments. Defendant's arguments on the issue of attorney-client privilege are not supported with any legal authority whatsoever. It is not the responsibility of this court to formulate or research a party's arguments. *See, e.g., Lyes v. City of Riviera Beach, Fla.*, 126 F.3d 1380, 1388 (11th Cir. 1997) (explaining that "the onus is upon the parties to formulate arguments"); *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995) ("There is no burden upon the district court to distill every potential argument that could be made based upon the materials before it."). Furthermore, defendant has failed to supply the court with a copy of the letter at issue, nor has defendant provided

---

[16]*Id.*

an affidavit or other evidence to demonstrate that there was an attorney-client relationship between the letter's author and defendant.

On the government's part, the predicate laid in the government's papers as to the relevance of this letter to the trial at hand is not sufficient.

At this juncture, defendant's motion in limine is GRANTED to the following extent. Neither party should refer to the letter or its content during voir dire and opening statements. After the court has examined the letter and heard additional argument (if any is needed) outside the presence and hearing of the jury, the court will make a final and binding ruling on this motion.

DONE this 4th day of February, 2009.

_____
United States District Judge